# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT BESSENT, Acting Commissioner of the Internal Revenue Service and Secretary of the Treasury; DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; FRANK BISIGNANO, Commissioner of the Social Security Administration; SOCIAL SECURITY ADMINISTRATION; KRISTI NOEM, Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <br><br> Defendants. | Civil Action No. 1:25-cv-12822-IT |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY**

3138891

I.   **Introduction**

Plaintiffs oppose Defendants' motion to stay because a stay of this case will exacerbate the ongoing irreparable harm caused by Defendants' unlawful data sharing, and proceeding with this case will not prejudice Defendants.[1] As Defendants know, Plaintiffs are preparing to move for preliminary relief. See Declaration of Joshua Rosenthal in support of Plaintiffs' Opposition to Defendants' Motion to Stay ("Rosenthal Decl.") Ex. 1, Doc. No. 24-1. Defendants' requested stay would indefinitely delay resolution of Plaintiffs' forthcoming motion, and a stay would be particularly inequitable given that Defendants continue to engage in their unlawful data sharing and have shown no inclination to stop despite the lapse in appropriations. Indeed, while urging this Court for a stay, the vast majority of Defendants' relevant employees are "excepted" and will continue working and causing Plaintiffs irreparable harm. Further, a stay is unnecessary given the Department of Justice's ("DOJ") own contingency plan for ongoing litigation such as this case.

II.  **Legal Standard**

Federal courts have "inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004).[2] A court's discretion to grant or deny a stay motion "calls for the exercise of judgment, which must weigh competing interests[.]" Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936); see also California v. U.S. Dep't of Health & Hum. Servs., No. 1:25-cv-12118-IT, 2025 WL 2855230, at *1 (D.

---

[1] "Plaintiffs" collectively refers to Plaintiffs Community Economic Development Center of Southeastern Massachusetts ("CEDC"), National Parents Union ("NPU"), National Korean American Service and Education Consortium ("NAKASEC"), and UndocuBlack Network; and "Defendants" collectively refers to Defendants Department of Homeland Security ("DHS"), U.S. Immigration and Customs Enforcement ("ICE"), Internal Revenue Service ("IRS"), and Social Security Administration ("SSA"). See Complaint, Doc. No. 1.
[2] In quoted excerpts herein, all emphases have been added and all internal citations and quotations have been omitted unless otherwise noted.

Mass. Oct. 8, 2025). Where, like here, a stay would cause ongoing harm to the non-movants and not prejudice the movants, courts deny motions to stay. See California, 2025 WL 2855230, at *2; Doe v. Noem, No. 1:25-cv-10495-IT, 2025 WL 2898122, at * 2 (D. Mass. Oct. 9, 2025) (denying motion to stay based on lapse in appropriations).

### III.  Discussion

The balance of interests firmly favors Plaintiffs here. If this case is stayed, Plaintiffs will continue to suffer irreparable injury from Defendants' unlawful data sharing while Defendants' illegal and harmful practices persist. Moreover, proceeding with this case will not cause any prejudice to Defendants.

> **A.  *Plaintiffs are suffering irreparable harms from Defendants' unlawful data sharing; harms which will continue to amass if this action is stayed.***

Defendants' unlawful data sharing, and related policies and procedures, are causing irreparable injuries to Plaintiffs. These harms will only continue to increase should this case be stayed and Defendants' actions continue unbridled. Accordingly, Plaintiffs plan to file imminently a motion for preliminary relief that explains in detail the nature of Plaintiffs' ongoing irreparable harm. Plaintiffs' forthcoming motion will be informed by the Administrative Record that the court in a parallel action, Center for Taxpayer Rights v. Internal Revenue Service, No. 1:25-cv-00457-CKK (D.D.C. filed Feb. 17, 2025) (hereinafter "CTR v. IRS"), ordered the IRS to produce by October 24, 2025. See Rosenthal Decl. Ex. 2, Doc. No. 24-2 (CTR v. IRS Min. Order); see also Rosenthal Decl. Ex. 3, Doc. 24-3 (CTR v. IRS Order) (denying IRS's motion to stay the deadline to produce the administrative record). A brief overview of Plaintiffs' ongoing irreparable harms follows.

As set forth in the Complaint, Congress enacted 26 U.S.C. § 6103 to protect the confidentiality of taxpayer data. See Doc. No. 1. ¶ 2. The statute "eliminated Executive

2

discretion regarding what information could be disclosed to which Federal and state agencies and established a new statutory scheme under which tax information was confidential and not subject to disclosure except to the extent explicitly provided by the Code."[3] Section 6103 does not permit the disclosure or use of tax-return information to conduct civil immigration enforcement. Yet the IRS and SSA are now sharing confidential immigrant taxpayer data with DHS and ICE, which have in turn declared they are using such data to find and locate immigrants, enforce civil immigration laws, and deport taxpayers. Just in recent weeks, the IRS and SSA have shared tax-return information for *tens of thousands* of immigrant taxpayers, in violation of federal law and the Constitution. This unlawful data sharing is causing Plaintiffs' members to fear for their own and their families' safety and security. Doc. No. 1 ¶¶ 151–54. Some are giving up core financial support for their U.S. citizen children, and others are risking eligibility for future immigration benefits. Further, Defendants' data sharing practices risk misidentifying and wrongfully detaining—even deporting—taxpayers with secure immigration status. Id. ¶¶ 16–17, 130–36; see Hernandez v. Sessions, 872 F.3d 976, 995 (9th Cir. 2017) ("anyone subject to immigration detention" is subject to "irreparable harms . . . [including] subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained").

Defendants' unlawful data sharing also violates the First Amendment rights of Plaintiffs and their members, particularly their freedom of association rights. Defendants' actions have intimidated Plaintiffs' members from associational participation such as attending events,

---

[3] U.S. Dep't of the Treasury, Off. of Tax Pol'y, Report to the Congress on Scope and Use of Taxpayer Confidentiality and Disclosure Provisions, Vol. I: Study of General Provisions 3 (Oct. 2000).

seeking guidance on legal and tax questions, filing for Individual Taxpayer Identification Numbers, and gathering in community. See, e.g., Doc. No. 1 ¶¶ 147, 151;[4] see also Nat'l Educ. Ass'n v. U.S. Dep't of Educ., 779 F. Supp. 3d 149, 200 (D.N.H. 2025) (holding that First Amendment injury is irreparable).

Staying this case would only intensify the ongoing irreparable harms by continuing to deprive Plaintiffs and their members of any relief indefinitely, given the uncertainty over how long the lapse in government appropriations will last. As Defendants' own motion admits, "The Department does not know when funding will be restored by Congress." Defs.' Mot. for Stay, Doc. No. 21 at 1.

### B. *Defendants will continue their unlawful data sharing practices unless and until Plaintiffs secure relief.*

Defendants do not represent that the lapse in appropriations in any way interferes with their unlawful data sharing practices. Nor have Defendants agreed to Plaintiffs' request that Defendants pause their data sharing. See Doc. No. 24-1. In fact, ICE recently reported that its "enforcement efforts remain unchanged" despite the lapse in appropriations.[5] The Department of Homeland Security further confirmed that 93% of ICE's employees are excepted and will continue working during the lapse.[6] On the IRS side, the staff members who handle master files from which ICE is provided taxpayer data (see Complaint, Ex. B, Doc. No. 1-2 at 2) are considered "A1" employees, whose positions are funded outside of annual appropriations, so

---

[4] For example, Plaintiff CEDC is unable to engage in its core activities and is facing ongoing irreparable harm to its credibility within the community as a place for tax-planning and legal support, resources, and shared values. See id. ¶¶ 144–46.
[5] Immigration and Customs Enforcement (@ICEgov), X (Oct. 1, 2025, at 3:41 ET), https://x.com/ICEgov/status/1973337418058109328.
[6] Department of Homeland Security, Procedures Relating to a Federal Lapse in Appropriations 41 (Sep. 29, 2025), https://www.dhs.gov/sites/default/files/2025-09/2025_0929_dhs_procedures_related_to_a_lapse_in_appropriations.pdf.

they can continue their functions uninterrupted.[7] Moreover, 88% of SSA's employees are excepted and will continue working during the lapse in appropriations.[8] In short, Defendants have both the capacity and clear intent to continue their unlawful data sharing during the lapse in appropriations.

        C.     *Proceeding with this case will not prejudice Defendants.*

Defendants will not be prejudiced by continuing to litigate this case and have not offered any evidence or explanation to support their alleged inability to do so. As this Court correctly recognized in declining to stay another pending case, the DOJ's FY 2026 Contingency Plan makes clear: "If a court denies the Department's request for a stay and orders the case to continue, 'the Government will comply with the court's order, which would constitute express legal authorization' for the Department to litigate that case during the lapse [in appropriations]." See California, 2025 WL 2855230, at *1.[9] Federal law also expressly authorizes compensation during a lapse in appropriations to government employees performing "excepted activities," 31 U.S.C. § 1341(c)(2), which includes when "a court denies a litigator's request to postpone a case

---

[7] Internal Revenue Service, Fiscal Year 2026 Lapsed Appropriations Contingency Plan, (In effect from Oct. 8, 2025) https://home.treasury.gov/system/files/266/Treasury_IRS_Lapse_Plan.pdf (last visited October 22, 2025).

[8] Social Security Administration, Agency Shutdown Contingency Plan, (Sep. 24, 2025) https://www.ssa.gov/agency/shutdown/materials/contingency-plan-09-24-25.pdf (last visited October 22, 2025).

[9] See also U.S. Dep't of Just., U.S. Department of Justice FY 2026 Contingency Plan, (Sep. 29, 2025) https://www.justice.gov/jmd/media/1377216/dl (last visited October 22, 2025) ("Contingency Plan"). Other appellate and district courts similarly and repeatedly have denied stay motions during this lapse in appropriations. See, e.g., Order, Planned Parenthood Fed'n of Am. v. Kennedy, No. 25-1755 (1st Cir. Oct. 2, 2025) Doc. No. 118347754; Order, Nat'l TPS All. v. Noem, No. 25-05724 (9th Cir. Oct. 2, 2025) Doc. No. 29; Order Denying Mot. to Stay, Orellana v. Moniz, No. 25-cv-12664 (D. Mass. Oct. 2, 2025) Doc. No. 51; Minute Order Denying Mot. to Stay, Rhode Island v. Trump, No. 25-cv-00128 (D.R.I. Oct. 2, 2025).

and orders it to continue."[10] Accordingly, DOJ attorneys will continue to be compensated for their work, and Defendants will not be prejudiced from proceeding with this case.

## IV.  Conclusion

For all these reasons, Defendants' motion to stay should be denied.

Respectfully submitted,

GREATER BOSTON LEGAL SERVICES

Dated: October 22, 2025          By:   /s/ *Luz Arevalo*
                                       Luz Arevalo BBO 564011
                                       larevalo@gbls.org
                                       Angela Divaris (*Admitted Pro Hac Vice*)
                                       adivaris@gbls.org
                                       197 Friend Street
                                       Boston, MA 02114
                                       Telephone: (617) 461-4944

                                       KEKER, VAN NEST & PETERS LLP

Dated:  October 22, 2025
                                 By:   /s/ *Leo L. Lam*
                                       Leo L. Lam (*Admitted Pro Hac Vice*)
                                       llam@keker.com
                                       Laurie Carr Mims (*Admitted Pro Hac Vice*)
                                       lmims@keker.com
                                       Sarah Salomon (*Admitted Pro Hac Vice*)
                                       ssalomon@keker.com
                                       Charlotte Kamai (*Admitted Pro Hac Vice*)
                                       ckamai@keker.com
                                       Kelly M. Hernandez (*Admitted Pro Hac Vice*)
                                       khernandez@keker.com
                                       633 Battery Street
                                       San Francisco, CA 94111-1809
                                       Telephone:  415 391 5400
                                       Facsimile:  415 397 7188

---

[10] See Contingency Plan at 8.

ASIAN LAW CAUCUS

Dated: October 22, 2025						By:	/s/ Joshua Rosenthal
							Joshua Rosenthal (*Admitted Pro Hac Vice*)
							joshr@asianlawcaucus.org
							Dorothy Chang (*Admitted Pro Hac Vice*)
							dorothyc@asianlawcaucus.org
							55 Columbus Ave
							San Francisco, CA 94111
							Telephone: (415) 896-1701
							Facsimile: (415) 896-1702

							*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing ("NEF"). Any counsel for other parties who are not registered participants are being served by first class mail.

                                                       */s/ Leo L. Lam*
                                                       Leo L. Lam