UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, et al., <br><br> Plaintiffs, <br> v. <br><br> BESSENT, et al., <br><br> Defendants. | Civil Action No. 1:25-cv-12822-IT |

MEMORANDUM & ORDER

November 6, 2025

TALWANI, D.J.

Pending before the court are Defendants' Motion for a Stay of All Pretrial Deadlines in Light of Lapse of Appropriations [Doc. No. 21] and Plaintiffs' Motion for Relief under 5 U.S.C. §§ 705, 706 or, in the alternative, for Preliminary Injunction [Doc. No. 27].

In this action, Plaintiffs challenge Defendants' sharing of information by the Internal Revenue Service ("IRS") and Social Security Administration ("SSA") with U.S. Immigration and Customs Enforcement ("ICE") as contrary to law and arbitrary and capricious under the Administrative Procedure Act, and contrary to the Constitution as violating Plaintiffs and their members' First Amendment Rights. Compl. ¶¶ 165, 171, 178 [Doc. No. 1] (Counts One, Two, and Three). Plaintiffs additionally assert that an injunction would be proper because Defendants' actions are ultra vires and because the IRS and SSA's actions are in violation of their own regulations. Id. ¶¶ 187, 192 (Counts Four and Five). Plaintiffs' motion seeks to preliminarily enjoin Defendants from implementing or enforcing information sharing agreements, policies, and procedures until this litigation is resolved on the merits. Mot. for Preliminary Injunction 1 [Doc.

No. 27]; Mem. ISO Mot. for Preliminary Injunction 1 [Doc. No. 35]. Defendants' response to Plaintiffs' Motion [Doc. No. 27] is currently due no later than November 17, 2025.

In support of their stay request, Defendants state that the appropriations act funding the Department of Justice and "other Executive agencies, including defendants the Social Security Administration, the Internal Revenue Service, and the U.S. Department of Homeland Security" lapsed on September 30, 2025. Mot. 1 [Doc. No. 21]. Defendants assert that, "[a]bsent an appropriation, Department of Justice attorneys and employees of the Social Security Administration, the Internal Revenue Service, and the U.S. Department of Homeland Security, are prohibited from working, even on a voluntary basis, except in very limited circumstances . . . ." Id. ¶ 1. In light of the lapse in appropriations, Defendants seek a stay of proceedings in this case including the deadlines to answer or otherwise respond to Plaintiffs' Complaint [Doc. No. 1] and the deadline to respond to Plaintiffs' Motion for Relief [Doc. No. 27], "until Congress has restored appropriations to the [Department of Justice]." Id. at ¶ 2.

"[F]ederal courts possess the inherent power to stay proceedings for prudential reasons." Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). The court assesses the parties' competing interests when determining whether to stay proceedings. Here, the parties' interests weigh in favor of denying the Motion for Stay [Doc. No. 21].

The lapse in appropriations does not justify a stay of these proceedings. The Department of Justice's FY 2026 Contingency Plan ("Contingency Plan") explains that federal law "restricts the Federal Government's ability to obligate funds in advance of appropriations[,]" and provides that the Department will only continue activities for which, *inter alia*, "there is an express authority to continue during an appropriations lapse." U.S. Dep't of Just., U.S. Department of Justice FY 2026 Contingency Plan 1 https://www.justice.gov/jmd/media/1377216/dl (last visited

2

November 4, 2025). The Contingency Plan "assumes that the Judicial Branch will continue to operate . . . through the lapse." Id. at 3. Accordingly, the Contingency Plan directs Department litigators to "approach the courts and request that active cases . . . be postponed until funding is available." Id. If a court denies the Department's request for a stay and orders the case to continue, "the Government will comply with the court's order, which would constitute express legal authorization" for the Department to litigate that case during the lapse. Id. Where the Department has authorized attorneys to continue litigation during the lapse pursuant to a court order, denying a stay will not prejudice Defendants in this case.

     Here, a stay would delay a determination of the merits of Plaintiffs' Motion for Relief under 5 U.S.C. §§ 705, 706 or, in the alternative, for Preliminary Injunction [Doc. No. 27] without any requirement that Defendants pause the challenged data sharing practices during the stay. Plaintiffs allege that both data sharing between the IRS and ICE and the SSA and ICE is ongoing. Compl. ¶¶ 72-74 (noting that as recently as June of this year ICE requested, and the IRS provided, the addresses of nearly 50,000 people); id. ¶¶ 101-102 (alleging that an August 2025 letter by the SSA establishes monthly data sharing between ICE and the SSA). Plaintiffs also note that ICE has continued its enforcement efforts despite the lapse in appropriations. Plaintiffs' Opp'n 4 [Doc. No. 25] (citing social media post by U.S. Immigration and Customs Enforcement). Defendants do not contest these allegations, and Plaintiffs' counsel reports that when he asked Defendants' counsel whether Defendants "would be willing to consent to such a pause to any disclosure and use of the date at issue in [this] case[,]" Defendants' counsel was unable to respond to this request. Rosenthal Decl, Ex. 1 [Doc. No. 24-1]. Staying proceedings in this case would therefore allow Defendants to continue the allegedly unlawful data sharing

practice while delaying a determination as to whether Plaintiffs have made the requisite showing to obtain preliminary injunctive relief.

Plaintiffs' interest in proceeding in this case outweighs Defendants' interest in a stay where counsel for Defendants may continue litigating during the lapse in funding pursuant to a court order. Accordingly, Defendants' <u>Motion</u> [Doc. No. 21] is DENIED.

IT IS SO ORDERED.

November 6, 2025                        /s/Indira Talwani
                                        United States District Judge