# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK,<br><br>                    Plaintiffs,<br><br>    v.<br><br>SCOTT BESSENT, Acting Commissioner of the Internal Revenue Service and Secretary of the Treasury; DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; FRANK BISIGNANO, Commissioner of the Social Security Administration; SOCIAL SECURITY ADMINISTRATION; KRISTI NOEM, Secretary of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>                    Defendants. | Civil Action No. 1:25-cv-12822-IT<br><br>**Leave to file granted on December 24, 2025** |

## RESPONSE TO DEFENDANTS' SUPPLEMENTAL DECLARATIONS

At the December 19, 2025 preliminary injunction hearing, the Court sought clarification from Defendants regarding four factual issues: (1) Whether ICE has used address data it has received from the IRS for any purpose; (2) Whether any address data that has been transmitted from the Internal Revenue Service ("IRS") to Immigration and Customs Enforcement's ("ICE") has been entered into the Systems of Records identified in the Implementation Agreement; (3) How data from the IRS is segregated or marked for criminal enforcement purposes only, and not civil enforcement; and (4) Whether address data in the four Systems of Records cited in the Myers Declaration updated with address data obtained from tax information. See Notice of Supplemental Declarations, Doc. No. 51 at 2; Declaration of Richard S. Fitzgerald ("Fitzgerald Decl.") ¶ 4, Doc. No. 51-2. Defendants' supplemental declarations either fail to answer the Court's question or raise additional uncertainties about Defendants' current and future compliance with 26 U.S.C. § 6103. In short, Defendants' supplemental filings only underscore the need for a stay of further disclosure of address information from the IRS and SSA to ICE, as well as a stay of any further use of the data the IRS and SSA have already transmitted to ICE.

*First*, despite the Court's direct inquiry into whether ICE has used the address data received from the IRS in August 2025 for any purpose, ICE conspicuously avoids answering the question. ICE submits a declaration from Richard S. Fitzgerald, Assistant Director for Homeland Security Investigations ("HSI"), which concedes that "HSI made the [IRS] data available to the Enforcement Removal Operations ["ERO"], Law Enforcement Systems and Analysis team." See Doc. No. 51-2 ¶ 5. That transmission of data to ERO is likely a violation of § 6103 itself, because § 6103(i)(2)(A) requires taxpayer data be shared only with agency employees who are "personally and directly engaged in" the criminal investigation at issue.

1

Notably, the declaration does not identify who, if anyone, accessed the data; when any access occurred; which records or data fields were viewed; whether any information was downloaded, transferred, or retained; or whether any derivative materials—such as address lists, investigative leads, exports, matching tables, or notes—were created, stored, or disseminated. Instead, ICE offers only the conclusory assertion that "nothing further was done with the data," unsupported by any factual detail or technical explanation sufficient to permit verification. See id. ¶ 5. Without additional information about the transmission of data to ERO, it is unclear whether the IRS data was used—directly or indirectly—to inform, refine, or prioritize enforcement activity. ICE's refusal to provide these basic facts, even after being provided the opportunity to supplement the PI record, underscores the ongoing risk of statutory violations and irreparable harm, justifying a stay.

*Second*, the Court asked whether any address data transmitted from the IRS to ICE has been entered into any of the Systems of Records identified in the Implementation Agreement. See id. ¶ 4. ICE's response again raises serious concerns. Rather than answering the Court's question, ICE states only that the "IRS data is currently residing on the HSI lead architect's government-issued computer," without identifying that individual or explaining the basis, under § 6103, for their access. Id. ¶ 6. That admission itself suggests a violation of § 6103, which requires taxpayer data be shared only with agency employees who are "personally and directly engaged in" the criminal investigation at issue. § 6103(i)(2)(A). ICE does not provide any information as to how the lead architect for HSI is personally and directly engaged in the criminal investigation of any taxpayer whose information was provided by the IRS. See id.

*Third*, ICE's response to the Court's question of *how* IRS data will be marked or segregated to "reflect that the address can *only* be used for criminal, and not civil, enforcement

2

purposes," (emphasis added) does not answer the Court's question. See id. ¶¶ 4,7. ICE merely states that it will work "to ensure the IRS data is properly tagged and identified as IRS data, marked restricted, and designated for use in criminal investigations." See id. ¶ 7. These conclusory assurances provide no insight into what the tagging or segregation process actually entails, what system infrastructure exists allowing such tagging or segregation, how it functions in practice, or how it prevents civil enforcement use as required by § 6103.

*Finally*, while Defendants claim that SSA has "no policy or practice" of updating address fields in SORNs No. 60-0090 and 60-0103 with information from W-2 forms, other tax filings, or tax information shared with SSA, Defendants still fail to unequivocally affirm that SSA has not and does not intend to share confidential tax information. See Doc. No. 51-1 ¶ 9. Furthermore, stating that updates to address fields are "authorized only when SSA policy and as systems design allows" does not confirm that these fields are updated in compliance with § 6103. See id. Here, too, Defendants have not provided the level of detail necessary regarding SSA policy or system design to assess these conclusory assertions.[1]

Defendants' supplemental submissions do not respond to the Court's questions, or contradict the existing record that Defendants have, and plan to continue, to share tax data protected by § 6103 for unlawful purposes. The Court should order the stay that Plaintiffs sought in their motion for preliminary injunction, see Doc. No. 25, and at the December 19th hearing.

---

[1] Furthermore, Defendants have not rebutted the contention that the February 2025 disclosure by SSA to ICE included taxpayer information. Although they could have done so in the Myers Declaration and in their supplemental declarations, they did not. See Doc. No. 39-1; Doc. No. 51-1; Doc. No. 51-2.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | GREATER BOSTON LEGAL SERVICES |
| Dated: December 24, 2025 | By: | /s/ *Luz Arevalo* <br> Gary Klein BBO 560769 <br> GKlein@gbls.org <br> Luz Arevalo BBO 564011 <br> larevalo@gbls.org <br> Angela Divaris (*Admitted Pro Hac Vice*) <br> adivaris@gbls.org <br> 197 Friend Street <br> Boston, MA 02114 <br> Telephone: (617) 461-4944 |
|  |  | KEKER, VAN NEST & PETERS LLP |
| Dated:  December 24, 2025 | By: | /s/ *Sarah Salomon* <br> Leo L. Lam (*Admitted Pro Hac Vice*) <br> llam@keker.com <br> Laurie Carr Mims (*Admitted Pro Hac Vice*) <br> lmims@keker.com <br> Sarah Salomon (*Admitted Pro Hac Vice*) <br> ssalomon@keker.com <br> Charlotte Kamai (*Admitted Pro Hac Vice*) <br> ckamai@keker.com <br> Kelly M. Hernandez (*Admitted Pro Hac Vice*) <br> khernandez@keker.com <br> 633 Battery Street <br> San Francisco, CA 94111-1809 <br> Telephone:  415 391 5400 <br> Facsimile:  415 397 7188 |

3942857

|  |  |
|---|---|
|  | ASIAN LAW CAUCUS |
| Dated: December 24, 2025 | By: */s/ Joshua Rosenthal* <br> Joshua Rosenthal (*Admitted Pro Hac Vice*) <br> joshr@asianlawcaucus.org <br> Dorothy Chang (*Admitted Pro Hac Vice*) <br> dorothyc@asianlawcaucus.org <br> 55 Columbus Ave <br> San Francisco, CA 94111 <br> Telephone: (415) 896-1701 <br> Facsimile: (415) 896-1702 <br><br> *Attorneys for Plaintiffs* |

3942857

## **LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I certify that, on December 23, 2025, counsel for Plaintiffs and counsel for Defendants met and conferred in good faith regarding the resolution of this motion. Counsel for Defendants have not provided a position.

                                        */s/ Luz Arevalo*
                                        Luz Arevalo

3942857

## CERTIFICATE OF SERVICE

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail.

                                              */s/ Luz Arevalo*
                                              Luz Arevalo

3942857