IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, *et al.*, <br><br> *Defendants*. | Civil Action No. 1:25-cv-457-CKK |

## NOTICE OF SUPPLEMENTAL DECLARATION

Defendants respectfully provide notice to the Court of the attached supplemental declaration from Defendant Internal Revenue Service.

Dated: February 11, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director, Federal Programs Branch

*J. Stephen Tagert*
―――――――――――――――――
J. Stephen Tagert
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L ST. N.W.
Washington, DC 20005
Tel:  (202) 305-5486
stephen.tagert@usdoj.gov

*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR TAXPAYER RIGHTS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, et al., <br><br> Defendants. | Civil Action No.: 25-cv-457-CKK |

**DECLARATION OF DOTTIE A. ROMO**

I, Dottie A. Romo, pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am currently employed as Chief Risk and Control Officer of the Internal Revenue Service (IRS). I have been employed by the IRS since March 2020, and I have held my current position since February 1, 2026. From July 13, 2025 until February 1, 2026, I was the Chief Operating Officer of the IRS. I am familiar with the claims asserted by the plaintiffs in the above-captioned action against the IRS and the U.S. Department of the Treasury (Treasury).

2. The following declaration is based on my personal knowledge and information acquired in my official capacities and in the performance of my official functions, as well as upon reasonable inquiry of appropriate personnel in the Office of the Chief Information Officer and the Privacy, Government Liaison and Disclosure ("PGLD") office at the IRS. The Chief Information Officer is responsible for the development, implementation, and maintenance of information technology for the IRS. PGLD oversees data exchanges with federal, state, and local government agencies.

3. I make this declaration to modify certain prior statements made by Defendants in this case based on information obtained by Defendants subsequent to those statements.

## Background

4. As reflected in the administrative record filed in this action (*see* ECF 48), on June 27, 2025, IRS received a letter from United States Immigration and Customs Enforcement Immigration (ICE) Acting Director, Todd M. Lyons. The letter requested—pursuant to the Memorandum of Understanding for the Exchange of Information For Nontax Criminal Enforcement (MOU) signed on April 7, 2025 by Secretary of the Treasury, Scott Bessent, and Secretary of Homeland Security, Kristi Noem—last known addresses for approximately 1.28 million individuals identified by ICE in a datafile transmitted to the IRS on June 25, 2025 (Datafile). *See* ECF 48-3 at TD_112-113.

5. The Datafile (*see* ECF 48-3 at TD_97-102 for redacted excerpt) contained multiple fields for each of the 1.28 million individuals, including, but not limited to:

   a. Last name (titled, "LName");

   b. First name (titled, "FName");

   c. Taxpayer Identification Number (titled, "SSN;");

   d. Date of final removal order (titled, "FINAL_ORDER_Date"); and

   e. Address (titled, "EARM_ADDRESS").

6. Upon receipt of ICE's letter and Datafile, IRS ran certain procedures designed to ensure compliance with Section 6103 of the Tax Code and the MOU. Specifically, these compliance procedures were designed to verify, among other things, that certain ICE-supplied fields in the Datafile—including first name, last name, final removal order date, and address[1]—

---

[1] The following additional ICE-supplied fields in the Datafile could not be empty: CIVID, Taxable Period, Criminal Statute, and ICE POC. *See* ECF 48-3 at TD_125-128, 136-140.

were not empty, and that the ICE-supplied address field included a five-digit, nine-digit, or a five-digit dash (-) four-digit number (as proxies for a zip code). *See* ECF 48-4 at TD_125-128, 136-140.

7. If IRS determined through these compliance procedures that the ICE-supplied information in the Datafile did not contain the information required by the MOU as to an individual, IRS rejected and did not process ICE's request for the last known address as to that individual. Using these procedures, IRS rejected approximately 2.6% of the requests because the data did not meet the specifications of the MOU. *See* ECF 48-4 at TD_131.

8. For individuals in the Datafile for whom these IRS processes did not identify data insufficiency, IRS ran a process using a computer script to determine whether each individual's ICE-provided information in the Datafile matched IRS records. *See* ECF 48-4 at TD_125-128, 136-140. Matching occurred in one of two mutually exclusive ways:

   a. Taxpayer Identification Number ("TIN") Matching: For individuals in the Datafile with a number in the ICE-supplied social security number ("SSN") field, IRS disclosed a last known address when the ICE-supplied first name, last name, and SSN fields matched with a name and associated TIN in IRS's records. A TIN is an identification number used by IRS in the administration of the tax laws. It is an umbrella term for, among other things, a SSN, and individual taxpayer identification number. *See* [Taxpayer identification numbers (TIN) | Internal Revenue Service](#).

   b. Address Matching: For individuals in the Datafile without a number in the ICE-supplied SSN field, IRS disclosed a last known address when the ICE-supplied first

name, last name, and address fields matched with a name and associated address in IRS's records.

9. IRS subsequently performed a quality control process (QC). *See* ECF 48-4 at TD_129-131. This QC process checked the automated IRS matching process described in Paragraph 8 to ensure it functioned correctly (*i.e.*, that the IRS matching script identified the current address in IRS records for the identified individual). Accordingly, for TIN matches, the QC confirmed for a sample of matches that the IRS address identified through automated matching was the same as was identified through a manual search of IRS databases based on the criteria described in paragraph 8(a) (TIN and name).

10. Consistent with these processes, on August 7, 2025, IRS disclosed return information in the form of last known addresses for 47,289 (3.7%) of the 1.28 million requests (the "IRS Response"). *See* ECF 48-4 at TD_141, 143-146. Of the 47,289 last known addresses, 42,695 (90.3%) were matched by TIN Matching, and 4,594 (9.7%) were matched by Address Matching.

**Identification of Incomplete or Insufficient Address Information in Certain Datafile Entries**

11. IRS has since learned that it may have supplied last known addresses to ICE in the following instances in which the ICE-supplied address field in the Datafile was either incomplete or insufficiently populated, as set forth in greater detail below.

12. Upon this discovery, IRS initiated both an electronic and a subsequent manual review of each of the 47,289 requests for which IRS provided a last known address.

13. As a result of this review, IRS has now determined that it provided last known addresses to ICE in instances in which the ICE-supplied address field in the Datafile (entitled "EARM_ADDRESS"), contained a value (*i.e.*, the field was not blank), but the value was either incomplete or insufficiently populated. Examples include ICE-supplied address fields that

contained: (1) a five-digit or nine-digit number (which IRS checked as a proxy for a zip code), and often the city and state, but also language indicating that the address was not complete, such as "Failed to Provide," "Unknown Address," or "NA NA"; and (2) some, but not all, parts of a common address (such as an address that consists of an apartment number, city, state, and zip code without a street name or street number or an address with a street name, city, state and zip code without a street number).

14. IRS's review also identified that IRS provided last known addresses to ICE in instances in which the ICE-supplied addresses referred to, described, or named specific locations (such as jails, detention facilities, or prisons) and the corresponding city, state, and zip code without including the street names and street numbers where the buildings or facilities are located.

15. The compliance procedures IRS performed upon receipt of ICE's letter and Datafile, as described in Paragraphs 8 and 9, were designed to identify data insufficiencies described in those paragraphs but were not designed to identify the additional types of data insufficiencies IRS subsequently identified, as described in paragraphs 13 and 14.

16. IRS currently estimates that less than 5% of the 47,289 individuals for whom IRS identified a match and provided ICE a last known address from IRS's systems had potentially incomplete or potentially insufficient ICE-provided address information.

17. In all such instances IRS has identified, these issues occurred only in conjunction with the TIN Matching process (*see supra* ¶ 8(a)); IRS has not identified such issues in the Address Matching Process (*see supra* ¶ 8(b)).

18. Upon identifying these issues, on January 23, 2026, Treasury notified DHS and requested DHS's assistance in promptly taking steps to remediate the matter consistent with federal law and the MOU, including by taking all appropriate steps to prevent the disclosure or

dissemination, and to ensure appropriate disposal, of any data provided to ICE by IRS based on incomplete or insufficient address information.

19. DHS and ICE have confirmed to Treasury and IRS that they will comply with federal law and the MOU in addressing this data issue. DHS and ICE further confirmed that pending the resolution of a related injunction enjoining the MOU, DHS and ICE will not inspect, view, use, copy, distribute, rely on, or otherwise act on any return information that has been obtained from or disclosed by IRS pursuant to the MOU. *See CEDC v. Bessent*, 25-cv-12822, ECF 75 (Memorandum and Order). Should the posture of litigation related to the MOU change, DHS and ICE have confirmed to Treasury and IRS that they will continue to work to ensure that any further actions taken pursuant to the MOU are consistent with federal law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 11, 2026

Dottie A. Romo
Digitally signed by Dottie A. Romo
Date: 2026.02.11 11:54:54 -05'00'

_____
Dottie A. Romo
Chief Risk and Control Officer