**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS *et al.*,<br><br>       *Plaintiffs*,<br><br>      *v.*<br><br>SCOTT BESSENT, in his official capacity as Acting Commissioner of the Internal Revenue Service, *et al.*,<br><br>      *Defendants*. | No. 1:25-cv-12822-IT |

**DECLARATION OF ALBERTO V. BRISENO**

I, Alberto V. Briseno, declare the following under 28 U.S.C. § 1746, and state that under penalty of perjury the following is true and correct to the best of my knowledge and belief:

1.    I am a Section Chief for Homeland Security Investigations (HSI) at U.S. Immigration and Customs Enforcement (ICE) within the U.S. Department of Homeland Security (DHS) and have been with the agency since August 22, 2010.

2.    In my current role, I am assigned to the HSI Cyber and Operational Technology (COT) office. Within COT, I oversee a section of Operational Systems Development and Management (OSDM) responsible for information technology programs and initiatives that directly support HSI's law enforcement mission and develop major advancements in technology used to combat crime. Under my direction is the HSI Innovation Lab, the agency's centralized hub for developing next-generation technologies.

3.    This declaration is submitted to assure the Court that, despite the recent departure of HSI's lead architect—whose laptop stored the IRS data at issue in this case—the data remains secure and the agencies remain compliant with the Court's February 5, 2026, Order.

4.    In compliance with the Court's February 5, 2026, Order, enjoining ICE from "inspecting, viewing, using, copying, distributing, relying on, or otherwise acting

upon any return information that had been obtained from or disclosed by the IRS Defendants pursuant to the information sharing arrangements, including the information received August 7, 2025," the IRS data has been securely stored on the work-issued laptop of the HSI's lead architect within the HSI Innovation Lab. ICE has not inspected, viewed, used, copied, distributed, relied on, or otherwise acted upon any return information that had been obtained from or disclosed by the IRS Defendants pursuant to the information sharing arrangements, including the information received August 7, 2025. On March 12, 2026, the HSI lead architect turned in his laptop to me on his final day of ICE employment.

5.    In the days preceding the lead architect's departure, ICE worked closely with the IRS Office of Safeguards to ensure compliance with the Court's Order and the maintenance of adequate security safeguards during the transition of the laptop containing IRS data in accordance with I.R.C. § 6103(p). ICE HSI determined, preliminarily, that ICE's Office of Chief Information Officer (OCIO) would have to assign an Information Technology (IT) specialist to assist in securing/reconfiguring the laptop during the transition before I would be able to take physical possession. This was necessary because ICE wanted to ensure it would be able to preserve the data contained on the laptop even after the departure of the HSI lead architect.

6.    To that effect, both the OCIO IT specialist and I undertook training prior to handling the laptop, going over the requirements for the safeguarding of Federal Tax Information (FTI) as mandated under I.R.C. § 6103(p), and specifically familiarizing ourselves with the criminal and civil penalty provisions that attach to the offenses of improper access or disclosure of FTI under I.R.C. §§ 7213, 7213A, and 7431.

7.    Upon conclusion of the above-described training, the ICE IT specialist created a local administrative account on the laptop to ensure preservation of the data after the lead architect's departure. Specifically, the laptop was removed from all ICE networks, a new local administrative account was created, and any other administrative profiles were removed. At no point during this process did the OCIO IT specialist access or view the IRS data contained on the laptop.

8.    After OCIO IT specialist successfully reconfigured the laptop, I took physical possession of it. As of the date of this declaration, I am the only ICE employee with control over the local administrative account and the only one who can log in and access the IRS data. Upon taking physical possession of the laptop, and in accordance with the safeguards and security guidelines in IRS Publication 1075, I ensured that the laptop is secured behind at least two layers of physical safeguards by locking it in the drawer of my office. I intend to lock my office whenever I step out to prevent unauthorized access to the drawer containing the laptop. Further, my office is located in a secure ICE building. Only ICE employees with a specifically configured PIV card can access my office's floor.

9.    As of March 12, 2026, when the HSI lead architect turned in his laptop, I have maintained custody of the laptop. I have stored the laptop in accordance with IRS

safeguards requirements, as described above. During this process, I have not accessed any of the IRS data. I have only confirmed the presence of IRS data within the administrative account that was created.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

ALBERTO V BRISENO

Digitally signed by ALBERTO V BRISENO
Date: 2026.03.25 11:54:17 -04'00'

MARCH 25, 2026

/s/ Alberto Briseno
ALBERTO BRISENO
Section Chief at Operational Systems Development and Management

3