UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COMMUNITY ECONOMIC                          *
DEVELOPMENT CENTER OF                        *
SOUTHEASTERN MASSACHUSETTS;                  *
NATIONAL PARENTS UNION;                      *
NATIONAL KOREAN AMERICAN                     *
SERVICE AND EDUCATION                        *
CONSORTIUM; UNDOCUBLACK                      *
NETWORK, INC.,                              *
                                            *
        Plaintiffs,                         *
                                            *
        v.                                  *
                                            *
SCOTT BESSENT, Acting Commissioner of       *
the Internal Revenue Service and Secretary  *    Civil Action No. 1:25-cv-12822-IT
of the Treasury; INTERNAL REVENUE           *
SERVICE; FRANK BISIGNANO,                    *
Commissioner of the Social Security         *
Administration; SOCIAL SECURITY             *
ADMINISTRATION; TODD M. LYONS,              *
Acting Director of U.S. Immigration and     *
Customs Enforcement; U.S.                    *
IMMIGRATION AND CUSTOMS                      *
ENFORCEMENT; KRISTI L. NOEM,                *
Secretary of Homeland Security;             *
DEPARTMENT OF HOMELAND                       *
SECURITY,                                   *
                                            *
        Defendants.                         *

ORDER

May 11, 2026

TALWANI, D.J.

    Pending before the court is the Motion to Compel Expedited Production of the

Administrative Record [Doc. No. 84] on behalf of Plaintiffs Community Economic Development

Center of Southeastern Massachusetts, National Parents Union, National Korean American

Service and Education Consortium, and UndocuBlack Network ("Plaintiffs"). Having considered

1

the parties' briefing and the First Circuit's ruling in Atieh v. Riordan, 727 F.3d 73 (1st Cir. 2013), the court GRANTS Plaintiffs' motion to compel expedited production of the certified Administrative Record ("AR") from Defendant Social Security Administration ("SSA").

If Defendants take the position that any document that would otherwise be part of the AR is subject to a privilege, Defendants shall meet and confer with Plaintiffs to attempt to resolve the issue. If such conference is unfruitful, Defendants shall promptly file a motion for exemption from disclosure. See In re United States, 583 U.S. 29, 32 (2017) ("[T]he District Court may not compel the Government to disclose any document that the Government believes is privileged without first providing the Government with the opportunity to argue the issue.").

By May 29, 2026, SSA shall file the complete AR underlying the actions and decisions challenged in this case. Following production of SSA's AR, Defendants shall identify any portions of the AR relevant to the Motion to Dismiss the Amended Complaint [Doc. No. 81] in a supplemental filing, no longer than ten (10) pages and filed no later than June 5, 2026. In the supplemental filing, Defendants shall refer to any relevant portions of both the AR and the Memorandum in Support of Defendants' Motion to Dismiss [Doc. No. 82] by page number. No later than June 12, 2026, Plaintiffs shall respond to Defendants' supplemental filings, including references to the AR and the Plaintiffs' Opposition [Doc. No. 88] by page number.

IT IS SO ORDERED.

May 11, 2026                                    /s/ Indira Talwani
                                               United States District Judge

2