**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS *et al.*,

*Plaintiffs*,

*v.*

SCOTT BESSENT, in his official capacity as Acting Commissioner of the Internal Revenue Service, *et al.*,

*Defendants*.

No. 1:25-cv-12822-IT

**STIPULATED PROTECTIVE ORDER**

Upon consideration of Defendants' consent Motion for Stipulated Protective Order, and for good cause shown, it is hereby

ORDERED that Defendants' consent motion is GRANTED; and it is further

ORDERED that:

a. SSA shall produce to the Plaintiffs, through their counsel, in unredacted form, the document currently found in redacted form at ECF #103-1 at 96. Such production will be made no later than the business day following the date on which this order is entered;

b. Neither Plaintiffs nor their counsel shall disclose the unredacted document to anyone other than the following, and in all events may only do so as necessary to litigate this action:

i. Counsel for the Parties, including associated personnel necessary to

assist counsel in this action;

ii. Current employees of the Parties or their counsel who are assisting with respect to this action;

iii. Witnesses, potential witnesses, and deponents, including their counsel;

iv. Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument in connection with this action;

v. Photocopying, data-processing, and other support services that are reasonably necessary to the litigation of this action;

vi. Mediators or arbitrators; and

vii. This Court, jurors, and Court personnel;

c. Counsel for Plaintiffs shall take reasonable measures to ensure that, should disclosure be necessary under the terms of this Order, such disclosure occur under such circumstances as will limit any further disclosure than is necessary for the litigation of this action;

d. Except under any condition identified in paragraph (g) below, Plaintiffs shall, in the event of any need to file the unredacted document with the Court, or in the event of any need to file the content of the redacted material in any pleading, brief, or other paper, file the protected material under seal in keeping with the Court's December 4, 2021, Standing Order Regarding Stipulated Protective Orders And Motions For Leave To File Under Seal (Talwani, D.J.);

e. If Plaintiffs learn that, through inadvertence or otherwise, the document or protected material therein has been disclosed in violation of this Order, they

shall promptly inform both the Court and Defendants, and take immediate remedial measures;

f. Plaintiffs shall not disclose the unredacted document to anyone other than the individuals identified in paragraph (b) above, and in all events may do so only as necessary to litigate this action as set forth herein; provided, however, that Plaintiffs reserve the right to challenge any designation of confidentiality with respect to the document or any portion thereof under the terms set forth in the Court's Standing Order of December 4, 2021; and in accordance with the following procedures:

   i. Plaintiffs shall initiate a challenge to the confidential designation of the document by providing to the Defendants (a) written notice of each designation it is challenging and (b) a description of the basis of each challenge.

   ii. Plaintiffs and Defendants shall meet and confer in good faith to attempt to resolve a challenge within seven calendar days after Defendants receive notice from Plaintiffs. Defendants must communicate their decision(s) to Plaintiffs within a reasonable time agreed to by the Parties.

   iii. If Defendants decide to withdraw the designation, they shall give notice of this change to Plaintiffs.

   iv. If the Parties cannot come to a resolution within the agreed-upon period, any Party may file a motion seeking a determination from the Court.

   v. The document or protected material therein shall be treated as

confidential information until such time as (a) Defendants agree that it shall no longer be treated as protected material or (b) the Court rules that such information should not be treated as protected.

vi. After a designation as confidential information is removed or withdrawn by Defendants or by the Court, Defendants must provide Plaintiffs, within a reasonable time, with a replacement document that is free from any marking or designation as confidential information.

g. The above protections shall continue until (i) Defendants provide notice that the document no longer requires protection, (ii) the document is otherwise made public, or (iii) the Court orders otherwise.

**IT IS SO ORDERED.**

Date: 6/4/2026

Indira Talwani
United States District Judge