# EXHIBIT 10

**From:** Dibblee, Christian R (CIV)
**To:** Charlotte Kamai
**Cc:** Leo Lam; Laurie Mims; Sarah Salomon; Kelly M. Hernandez; Josh Rosenthal; Dorothy Chang; Klein, Gary; Arevalo, Luz; Divaris, Angela
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent
**Date:** Wednesday, September 9, 2026 7:37:41 PM

**[EXTERNAL]**

Charlotte:

Thanks for your email about these issues and for giving me more time to get you a response.

On the first issue, the Court has enjoined the memorandum of understanding between ICE and IRS and has enjoined ICE agents from using return information that "had been obtained from or disclosed by the IRS Defendants pursuant to the information sharing arrangements." The contract you mention is for the provision of data from credit reports that is commercially sold by a reseller of that data. Defendants do not understand the Court's injunction to prohibit the commercial purchase of data. Any data received under the contract would not come from IRS and is not "pursuant to the information sharing agreement." Further, because the information is not coming from IRS, it is not "return information" under 26 U.S.C. 6103.

On the second issue, ICE has described across multiple declarations how the return information protected by the Court's order was stored on one individual laptop, which has been placed under lock and key since March of this year. *See* Briseno Decl., ECF No. 89-1; Supp. Fitzgerald Decl., ECF No. 78-1. Although the previous owner of that laptop was an IT contractor, the data has always resided on his government-issued computer, *see* Fitzgerlad Decl. para. 6, ECF No. 51-2, and only he had access to that data before his departure from the agency, *see* Supp. Fitzgerald Decl. paras. 4-7. DHS policy requires all contractors, regardless of their primary employer, to use only government-furnished equipment or DHS-approved services to access DHS systems and information, including file storage systems. *See* DHS 4300A, Att. G, *Rules of Behavior* A-2, A-4 (Apr. 28, 2022), https://perma.cc/7564-JMVC. DHS policy also prohibits all users (including contractors) from forwarding "government emails" to personal email accounts, *see id.* at A-3, or otherwise transferring DHS data outside DHS systems. ICE contractors therefore cannot perform work outside the ICE network and cannot send any work outside that network. And again, in this case, ICE has affirmed that, following the Court's order, only one individual had access to the IRS data protected by the Court order and that the laptop containing that data has been placed under physical lock and key since his departure almost exactly six months ago. Plaintiffs' concerns about disclosure to third parties outside of ICE are therefore unfounded.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Tuesday, September 8, 2026 6:43 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** [EXTERNAL] RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Christian,

Plaintiffs are willing to provide one more day for Defendants to provide a substantive answer. We look forward to your response tomorrow.

Thank you,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Tuesday, September 8, 2026 2:04 PM
**To:** Charlotte Kamai <CKamai@keker.com>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

**[EXTERNAL]**

Charlotte:

I appreciate your willingness to give me more time. I am running into some delays getting a substantive answer to your questions, some of which are due to the holiday weekend and agency counsel returning from leave over that weekend. With the understanding that you have previously been generous with giving me more time to answer Plaintiffs' various questions since I took over this case, I am emailing to ask if Plaintiffs would grant Defendants one more day in which to respond? That would mean a response tomorrow.

Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Wednesday, September 2, 2026 7:32 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** [EXTERNAL] RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Christian,

Thank you for your response.  Given that you likely will not have a substantive update tomorrow, we are fine with waiting until Tuesday, September 8 for a substantive response.  We can discuss via email that day or meet and confer between 8-11am or 1-3pm Pacific time.

Thanks,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Wednesday, September 2, 2026 1:13 PM
**To:** Charlotte Kamai <CKamai@keker.com>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary

<gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

**[EXTERNAL]**

---

Charlotte –

I am currently traveling for the *California* case that you mentioned in your email, and therefore my availability to meet and confer this week is somewhat limited. But I could confer tomorrow in the mid-afternoon Pacific time.

I should note, however, that though I made my clients aware of your correspondence yesterday as soon as it came in, it is very possible that I won't have anything substantive to report during our call tomorrow. If you're willing to give me until early next week to meet and confer about these issues, I likely will have more to say in response to your concerns. But like I said, I am available mid-afternoon Pacific time tomorrow to meet and confer.

Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Tuesday, September 1, 2026 2:33 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** [EXTERNAL] RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Christian,

Thank you for response regarding the redaction motion.

Separately, please provide your availability as soon as possible to meet and confer this week regarding Defendants' compliance with the Court's Order for Preliminary Relief. The Court prohibited DHS and ICE from inspecting, viewing, using, copying, distributing, relying upon, or otherwise acting upon any return information obtained from or disclosed by IRS Defendants pursuant to the IRS-ICE data-sharing arrangements. But Plaintiffs recently learned of two developments that raise serious concerns about whether

Defendants are complying with that Order.

*First*, in June 2026, DHS awarded ThunderCat Technology, LLC a contract to provide Individual Taxpayer Identification Number ("ITIN") data and analytics to agents within ICE's Homeland Security Investigations ("HSI") unit. ITIN information, when obtained from IRS records, is return information protected under 26 U.S.C. § 6103. This raises significant concerns regarding ICE's compliance with the prohibitions under the Court's Order.

*Second*, discovery in *California v. Dep't of Health & Human Services*, No. 25-cv-05536-VC (N.D. Cal.), confirmed that ICE improperly shared confidential Medicaid data with Palantir Technologies, Inc. personnel and ICE's ELITE team via Microsoft Teams. Palantir built an interface for IRS to access information across numerous IRS databases containing tax returns, Social Security numbers, and other sensitive taxpayer data, and Palantir's technology also undergirds ICE's case-management and immigration-surveillance platforms. The Medicaid disclosure raises a parallel concern: whether ICE shared IRS return information protected by the Court's Order with Palantir or other third-party contractors.

In light of these developments, we request discovery regarding Defendants' compliance with the Court's Order–specifically, government documents reflecting the nature and scope of these recent contracts with Palantir and ThunderCat, including what kinds of data are exchanged under those contracts, where the data came from, and who has had access. If the government will not agree to such compliance discovery, we will seek relief from the Court to obtain it.

Please provide your availability to discuss whether we can resolve these matters.

Best,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her

---

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>

**Sent:** Monday, August 31, 2026 1:37 PM
**To:** Charlotte Kamai <CKamai@keker.com>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

**[EXTERNAL]**

---

Charlotte:

At this time, Defendants believe that all redactions to the document in question are proper. Some or all of the redacted information is privileged under the deliberative-process privilege, which protects internal recommendations and deliberations by agency personnel. And to the extent any of redacted information is not privileged, it is properly marked confidential for purposes of the public docket. Removing redactions of names would have privacy implications for the named persons (on this point, I note the Court's recent decision upholding redactions in the administrative record of individual names). Other more substantive information is also properly marked confidential because its public disclosure would prejudice ongoing investigations into the data sharing activities involving DOGE. Finally, the redactions have not prejudiced Plaintiffs' ability to prosecute their case because Defendants provided the unredacted document to Plaintiffs' counsel under the protective order.

For all these reasons, Defendants will not at this time be lifting the redactions or filing an unredacted version of the document on the public docket. Notwithstanding their response above, Defendants do not waive or concede any other arguments supporting the propriety of the redactions in question.

To the extent Plaintiffs move forward with a motion on these topics, I am willing to discuss a briefing schedule for that forthcoming motion.

Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Monday, August 24, 2026 4:47 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>

**Subject:** [EXTERNAL] RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Christian,

Thank you for your response. A week extension is fine with Plaintiffs. We will look forward to your response on Monday, August 31.

Thanks,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Monday, August 24, 2026 11:47 AM
**To:** Charlotte Kamai <CKamai@keker.com>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

**[EXTERNAL]**

Charlotte:

Defendants do believe at this time that the redactions are proper, but we are currently reviewing them in light of Plaintiffs' correspondence. I believe it will take one week for us to come to ground on our position regarding these redactions. The delay stems from my own vacation as well as the vacation of the lead agency counsel on this matter, who was also out of the office last week. As a result, please let me know if Plaintiffs would agree to extending the meet-and-confer window to one week from today, *i.e.*, Monday, August 31. To the extent Defendants are able to provide a position before then, I will endeavor to do so.

Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice

1100 L Street NW
Washington, DC 20005
(202) 353-5980

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Friday, August 21, 2026 2:06 PM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** [EXTERNAL] RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Christian,

Thank you for your email.

The Protective Order permits Plaintiffs to "challenge any designation of confidentiality with respect to the document . . . under the terms set forth in the Court's Standing Order." That Standing Order requires the party requesting redactions to file the document under seal and "include a particularized showing" for each designation. The government neither filed the document under seal nor provided any confidentiality designations; it simply redacted the document. Given the lack of particularized designations, Plaintiffs' email below properly explained its challenge to the redacted document: "The SSA improperly redacted information describing its processes for data-sharing as well as names of agency officials, which are neither privileged nor confidential."

We understand that you were out of office this week and so are willing to extend the seven-day deadline through next Tuesday, August 25. Please file the unredacted document on the docket by then, or provide times that day you are available to meet and confer to resolve this issue.

Thank you,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com

Pronouns: she/her

---

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Sent:** Thursday, August 20, 2026 5:13 PM
**To:** Charlotte Kamai <CKamai@keker.com>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** RE: 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

**[EXTERNAL]**

---

Counsel:

Section f.1 of the Protective Order requires Plaintiffs to give notice of "each designation it is challenging" and "a description of the basis for each challenge." Your email from Monday appears to challenge all designations in the document. But your email does not state a basis for why Plaintiffs believe each designation is improper. It says only that these designations are improper, without providing any explanation why. Accordingly, Plaintiffs have not provided the notice required by the Protective Order.

Please clarify what designations Plaintiffs are challenging in that specific document and, most important, provide the basis for *each* challenge. Upon receipt of that communication, Defendants will assess your email and initiate a meet-and-confer process within seven days.

Thank you,
Christian

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980

---

**From:** Charlotte Kamai <CKamai@keker.com>
**Sent:** Monday, August 17, 2026 9:01 AM
**To:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>
**Cc:** Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** [EXTERNAL] 25-cv-12822-IT Community Economic Dev. Ctr. v. Bessent

Counsel,

Pursuant to the terms of our Stipulated Protective Order, Dkt. 106, we request that you file on the public docket an unredacted version of the document submitted with the SSA's Administrative Record, at Dkt. 103-1, page 000096. The SSA improperly redacted information describing its processes for data-sharing as well as names of agency officials, which are neither privileged nor confidential. Notwithstanding the terms of our Protective Order and the Court's standing order on protective orders, the government has never provided any explanation for any confidentiality designation.

Accordingly, we request that you file the unredacted version of this document on the public docket. If you will not do so, please provide times you are available to meet and confer to attempt resolution of this matter on Tuesday 8/18 8-10am PT or 12-2pm PT, Wednesday 8/19 8-11am PT or 12-6pm PT, or Friday 8/21 12-3pm PT. Under the terms of the Stipulated PO, we must complete the meet and confer in the next seven days.

Thank you very much,

Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her