# EXHIBIT 12

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT BESSENT, ACTING COMMISSIONER OF THE INTERNAL REVENUE SERVICE AND SECRETARY OF THE TREASURY; DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; SOCIAL SECURITY ADMINISTRATION; MARKWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,<br><br>Defendants. | Civil Action No. 1:25-cv-12822-IT |

**PLAINTIFFS' NOTICE OF SUBPOENA TO THUNDERCAT TECHNOLOGY, LLC**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK ("Plaintiffs"), by and through their counsel, will serve the subpoena attached hereto ("Subpoena") requesting that third party ThunderCat Technology, LLC produce documents and things identified in Attachment A to the Subpoena by the date specified in the Subpoena.

KEKER, VAN NEST & PETERS LLP

Dated:

By: */s/ Leo Lam*
Leo L. Lam (*Admitted Pro Hac Vice*)
llam@keker.com
Laurie Carr Mims (*Admitted Pro Hac Vice*)
lmims@keker.com
Sarah Salomon (*Admitted Pro Hac Vice*)
ssalomon@keker.com
Charlotte Kamai (*Admitted Pro Hac Vice*)
ckamai@keker.com
Kelly M. Hernandez (*Admitted Pro Hac Vice*)
khernandez@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

ASIAN LAW CAUCUS
Joshua Rosenthal (*Admitted Pro Hac Vice*)
joshr@asianlawcaucus.org
Dorothy Chang (*Admitted Pro Hac Vice*)
dorothyc@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

GREATER BOSTON LEGAL SERVICES
Luz Arevalo BBO 564011
larevalo@gbls.org
Angela Divaris (*Admitted Pro Hac Vice*)
adivaris@gbls.org
Gary Klein BBO 560769
gklein@gbls.org
197 Friend Street
Boston, MA 02114
Telephone: (617) 461-4944

Attorneys for Plaintiffs COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail.

*/s/ Leo Lam*
ATTY NAME

# ATTACHMENT A

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions shall apply to the Instructions and Requests for Production, regardless of whether capital or lower case letters are used:

1. "All" shall be construed to include the collective as well as the singular and shall mean "each," "any," and "every."
2. The terms "relating to," "referring to," "associated with," and "referencing" mean directly or indirectly mentioning, describing, pertaining to, being connected with, concerning, referring to, respecting, stating, discussing, evaluating, recording, noting, evidencing, studying, analyzing, summarizing, reflecting, constituting, containing, embodying, involved with, mentioning, consisting of, comprising, showing, commenting upon, describing, supporting, detracting from, or otherwise reflecting upon the subject matter.
3. The term "You" or "Your" shall mean and refer to Palantir Technologies Inc., and any of the members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf, including but not limited to any parent, subsidiary, or affiliated entities and any of that entities members, employees, representatives, officers, directors, managers, agents, attorneys, assigns, predecessors, affiliates, parents, subsidiaries, and any other entities or Persons acting or purporting to act on its behalf.

4. "Document" or "Documents" as used in the Requests is coextensive with the meaning of the terms "documents" and "tangible things" in Fed. R. Civ. P. 34 and shall have the broadest possible meaning and interpretation ascribed to the terms "documents" and "tangible things" under Fed. R. Civ. P. 34. Consistent with the above definition, the term "Document" or "Documents" shall include, without limitation, any written, printed, typed, photostatic, photographed, recorded, computer-generated, computer-stored, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, bytes, e-mails, text messages, or any communication on any collaborative system/hub like Slack, electronic signals or impulses, electronic data, active files, deleted files, file fragments, or any combination thereof including, without limitation, all memoranda, notes, records, letters, envelopes, telegrams, messages, studies, analyses, contracts, agreements, projections, estimates, working papers, accounts, analytical records, reports and/or summaries of investigations, opinions or reports of consultants, opinions or reports of experts, opinions or reports of accountants, other reports, trade letters, press releases, comparisons, books, diaries, articles, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, forecasts, drawings, diagrams, instructions, minutes of meetings or communications of any type, including inter- and intra-office communications, questionnaires, surveys, charts, graphs, photographs, phonographs, films, tapes, discs, data cells, drums, printouts, all other compiled data which can be obtained (translated, if necessary, through intermediary or other devices into usable forms), documents maintained on, stored in or generated on any electronic transfer or storage system, any preliminary versions, drafts or revisions of any of the foregoing, and

other writings or documents of whatever description or kind, whether produced or authorized by or on behalf of You or anyone else, and shall include all non-identical copies and drafts of any of the foregoing now in the possession, custody or control of You, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on Your behalf.

5. “Contracts” means any Documents containing legally binding agreements made with a governmental agency for an award amount in return for certain goods or services. “Modifications” to any Contract includes any changes, edits, or revisions, including the expansion or narrowing of the scope of any agreement, after the initial signing date of the Contract.

6. “Project Proposals” or “Bids” means any Documents relating to proposed goods, services, and pricing, submitted to a governmental agency with the purpose of being awarded Contracts.

7. “Policies,” “Procedures,” and “Trainings” refer to any Documents referencing internal rules, guidelines, and standard practices required, recommended, or expected of You, or the former or present directors, officers, counsel, agents, employees, partners, consultants, principals, and/or persons acting on Your behalf.

8. “Communication,” “Communications,” or “Correspondence” means any actual or attempted dissemination, disclosure, transmission, transfer, or exchange of information, opinions, or thoughts and includes oral discussions, written and electronic correspondence, and voice, telephone, and other recorded messages, including text or instant messages.

9. "Identify" shall mean to provide at least the following information: (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), address(es), and recipient(s) of the document.
10. "Possession," "Custody," or "Control" shall mean and refer to any documents in Your possession, custody, or control. A document is deemed to be in Your "possession, custody or control" if it is in Your physical custody, or if it is in the physical custody of another person or entity and You: (a) own such document in whole or in part; or (b) have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms. Such documents shall include, without limitation, documents that are in the custody of Your attorney(s), employee(s), staff, representative(s), and agents.
11. Undefined terms or words used in this request shall be described in the ordinary meaning as found in the most current edition in Webster's New World Dictionary.

## INSTRUCTIONS

1. All documents requested herein shall be produced no later than October 15, 2026.
2. The singular form of a word should be interpreted in the plural as well. Any pronoun shall be construed to refer to the masculine, feminine, or neuter gender as in each case is most appropriate. The words "and" and "or" shall be construed conjunctively or disjunctively, whichever makes the request most inclusive.
3. These Requests shall include all Documents in the possession, custody, or control of You, or any and all Persons acting on Your behalf or at Your direction.
4. These requests shall apply to all documents in Your possession, custody or control at the present time or coming into Your possession, custody or control at any time during the matter captioned above. If You know of the existence, past or present, of any documents

or things requested below, but are unable to produce such documents or things because they are not presently in Your possession, custody, or control, You shall so state and shall identify such documents or things, and the person who has possession, custody or control of the documents or things.

5. All documents shall be produced in the order that they are kept in the usual course of business, and shall be produced in their original folders, binders, covers or containers, or photocopies thereof, or in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping, should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as the original.
6. If a Document or other information is stored electronically, the Document or other information shall be produced in native electronic format. In conjunction with the production of any electronically stored information, all metadata and other bibliographic or historical data that relates to such electronically stored information shall also be produced.
7. If no documents are responsive to a particular request, You are to state that no responsive documents exist.
8. For any responsive documents or tangible things that have been lost, destroyed or withheld from production based on any ground, You shall provide a written statement setting forth:
    a. the identity of the document;
    b. the nature of the document *(e.g.,* letter, memorandum, chart);
    c. the identity of the person(s) who received copies of the document;

d. the date of the document;

e. a brief description of the subject matter of the document; and the circumstances of the loss or destruction of the document and any fact, statute, rule or decision upon which You rely in withholding the document.

9. If You claim that the attorney-client privilege, attorney work product doctrine, or any other privilege applies to any Document, the production of which is called for by these Requests, then for each such Document, state, among other required information, its date, subject matter, author(s), recipient(s), custodian, and such additional information concerning the claim of privilege or work product doctrine as will permit the adjudication of the propriety of the claim of privilege.

10. You shall keep and produce a record of the source of each document produced. This shall include the name and location of the file where each document was located and the name of the person, group or department having possession, custody or control of each document.

11. Each unique document is to be produced without abbreviation or redaction.

12. If, after responding, You obtain or become aware of additional or different responsive information, then You must amend or supplement Your responses promptly.

13. Please take notice that these instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence of subjections covered by these requests or as an admission at the trial of the relevance or materiality of any of the matters covered by these requests.

## DOCUMENT REQUESTS

1. All Project Proposals, Bids, and Contracts created, distributed, or transmitted on or after January 20, 2025, relating to the Internal Revenue Service, including, but not limited to, the Contract associated with Procurement Instrument Identifier (PIID) 205AE925F00076 and/or Unique Award Key CONT_AWD_205AE925F00076_2050_NNG15SD26B_8000.
2. All Documents or Correspondence related to any Modifications for the Contract associated with PIID 205AE925F00076 and/or Unique Award Key CONT_AWD_205AE925F00076_2050_NNG15SD26B_8000.
3. Any information related to the underlying work performed for or with the Contract associated with PIID 205AE925F00076 and/or Unique Award Key CONT_AWD_205AE925F00076_2050_NNG15SD26B_8000 or any Modifications. This includes any information stored in or on a structured database, loose document storage, a communication platform, a cloud-based or local server, or somewhere else; and all categories of information tracked, shared, or received by Thundercat pursuant to this Contract or any Modifications and/or similarly situated Contracts, regardless of whether the information has been shared with or by the government.
4. All Project Proposals, Bids, and Contracts created, distributed, or transmitted on or after January 20, 2025, relating to Immigration and Customs Enforcement, including, but not limited to, the Contract associated with PIID 70CMSD25FR0000082 and/or Unique Award Key CONT_IDV_NNG15SC92B_8000.
5. All Project Proposals, Bids, and Contracts created, distributed, or transmitted on or after January 20, 2025, relating to the Contract associated with PIID 70CMSD26FR0000045.

6. All Documents or Correspondence related to any Modifications for the Contract associated with PIID 70CMSD26FR0000045.

7. Documents sufficient to identify each vendor, licensor, subcontractor, data broker, or other source from which ThunderCat Technology, LLC obtained, licensed, accessed, or arranged access to any ITIN Data supplied, intended to supply, made available, or intended to be made available under or in connection with PIID 70CMSD26FR0000045.

8. Any information related to the underlying work performed for or with the Contract associated with PIID 70CMSD25FR0000082 and/or Unique Award Key CONT_IDV_NNG15SC92B_8000 or any Modifications. This includes any information stored in or on a structured database, loose document storage, a communication platform, a cloud-based or local server, or somewhere else; and includes all categories of information tracked, shared, or received by Thundercat pursuant to this Contract or any Modifications and/or similarly situated contracts, regardless of whether the information has been shared with or by the government.

9. All Documents or Communications created on or after January 20, 2025, referencing or containing any of the following terms either written as shown or with differing capitalization or pluralization: Individual Taxpayer Identification Number, ITIN, credit header information, 8 U.S.C. § 1253, criminal aliens.

10. All Documents or Communications created, distributed, or transmitted on or after January 20, 2025, with Jesse Williams, Caleb Vitello, Brian McShane, Scott Bessent, Melanie Krause, Gary Shapley, Michael Faulkender, or Billy Long.

11. All Contracts, Documents, and Communications created, distributed, or transmitted on or after January 20, 2025, relating to the sale of taxpayer data to Immigration and Customs Enforcement.
12. All Contracts, Documents, and Communications created, distributed, or transmitted on or after January 20, 2025, relating to the acquisition of taxpayer data from the Internal Revenue Service, the Department of the Treasury, or any tax return, Form W-7, or person or entity that previously received the information from the IRS or Department of the Treasury. This includes documents sufficient to show whether ThunderCat or any upstream provider obtained any ITIN data directly or indirectly from these sources.
13. All Policies, Procedures, and Trainings relating to privacy and security requirements for Federal Taxpayer Information and/or Return Information, including policies or procedures referencing 26 U.S.C. § 6103 or Publication 1075.