# Exhibit 2

**From:** Charlotte Kamai
**To:** Dibblee, Christian R (CIV); Leo Lam; Laurie Mims; Sarah Salomon; Kelly M. Hernandez; Josh Rosenthal; Dorothy Chang; Klein, Gary; Arevalo, Luz; Divaris, Angela
**Subject:** [EXTERNAL] RE: Privileged AR Documents in CEDC v. Bessent, No. 1:25-cv-12822-IT (D. Mass)
**Date:** Monday, September 14, 2026 3:01:23 PM

Christian,

Plaintiffs do not agree to withholding these documents from the Administrative Record.

With respect to the documents marked under the deliberative process privilege, this privilege is based on the Court's discretion, considering "among other things, the interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government." *Texaco Puerto Rico, Inc. v. Dep't of Consumer Affs.*, 60 F.3d 867, 885 (1st Cir. 1995). Plaintiffs believe each factor counsels in favor of the public filing of each document here and so object to this designation for each document.

With respect to the documents marked as attorney client privileged, Plaintiffs do not believe that attorney client privilege extends to the documents exchanged between counsel of different agencies, particularly when those concerning drafts of agreements on which the parties are on opposing sides. Accordingly, Plaintiffs object to these designations.

With respect to the documents marked as attorney work product, FRCP 26(b)(3)(A) provides that AWP protects from discovery by the opposing party "documents . . . that are prepared in anticipation of litigation or for trial." None of the documents listed appear to have been prepared in anticipation of litigation. Accordingly, Plaintiffs object to this designation.

Thank you,
Charlotte

**Charlotte Kamai**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111-1809
415 962 8865 direct | 415 391 5400 main
ckamai@keker.com | vcard | keker.com
Pronouns: she/her

**From:** Dibblee, Christian R (CIV) <Christian.R.Dibblee@usdoj.gov>

**Sent:** Saturday, September 12, 2026 7:11 AM
**To:** Charlotte Kamai <CKamai@keker.com>; Leo Lam <LLam@keker.com>; Laurie Mims <LMims@keker.com>; Sarah Salomon <SSalomon@keker.com>; Kelly M. Hernandez <KHernandez@keker.com>; Josh Rosenthal <joshr@asianlawcaucus.org>; Dorothy Chang <dorothyc@asianlawcaucus.org>; Klein, Gary <gklein@gbls.org>; Arevalo, Luz <larevalo@gbls.org>; Divaris, Angela <adivaris@gbls.org>
**Subject:** Privileged AR Documents in CEDC v. Bessent, No. 1:25-cv-12822-IT (D. Mass)

**[EXTERNAL]**

---

Counsel:

In addition to my email last night regarding a protective order for certain AR documents, SSA has identified multiple documents that are subject to privilege. Per the Court's May 11 Order, ECF No. 100, Defendants are required to meet and confer with Plaintiffs to "attempt to resolve the issue." This email comprises that attempt to meet and confer.

Attached to this email is a privilege log of the documents that are subject to a privilege and, in Defendants' opinion, should be withheld from the administrative record.

With apologies for the later transmission, please let me know by 3 PM Monday if Plaintiffs agree that these documents can be withheld from the administrative record. If we cannot reach agreement, Defendants will file a motion to except these documents from disclosure, as contemplated by the Court's order. Defendants maintain all other rights.

**Christian Dibblee**
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street NW
Washington, DC 20005
(202) 353-5980