**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>SCOTT BESSENT, in his official capacity as Acting Commissioner of the Internal Revenue Service, *et al.*,<br><br>*Defendants*. | No. 1:25-cv-12822-IT |

# DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER RELATED TO CONTRACTORS

For the reasons that follow, Defendants respectfully ask the Court to reconsider its order, given on the record during a hearing on October 16, 2026, that Defendants provide names of the entities that employed any contractors at Immigration and Customs Enforcement (ICE) who had access to data received by that agency in August 2025 from the Internal Revenue Service. *See* Hr'g Tr. at 20:13-16, ECF No. 153. The Court made this request "to ensure whether the initial [preliminary injunction]" must be clarified or modified "to address that there may be other copies" of that IRS data "out there prior to this injunction having been entered." *Id.* at 25:19-22. The Court expressly did not preclude Defendants from "filing a motion for reconsideration" of that request. *Id.* at 18:18-20. Based on subsequent inquiry by Defendants showing no copies of the IRS data except the one already segregated by ICE and no downloads of that data by contractors before the Court's injunction, Defendants ask the Court to reconsider its order related to the names of contracting entities. As required by the Local Rules, counsel for the parties conferred about this

request, and Plaintiffs have reserved offering their clients' position pending their review of this motion and the accompanying declaration.

1. As the Court knows, ICE had previously represented that, after the Court entered its preliminary injunction in this case, ICE rescinded all access to the IRS data except for one copy on the laptop of a lead architect. *See* Supp. Decl. of Richard S. Fitzgerald ¶ 7, ECF No. 78-1. Before the lead architect departed the agency, ICE removed that laptop from its network and entrusted it to the physical possession of another ICE employee, who currently keeps the laptop under lock and key in a secure office. *See* Decl. of Alberto V. Briseno ¶ 8, ECF No. 89-1.

2. During the October 16 hearing, the Court expressed concern about the reliability of that representation given the possibility that ICE contractors had accessed the IRS file and used it before the preliminary injunction. *See* Hr'g Tr. at 24:20-22. The Court did note its continued impression that "there is a single set of data, and that has been segregated," *id.* at 29:19-20, but it nonetheless directed Defendants to provide the names of entities who employed any contractor with access to the IRS data and to notify the Court if other copies exist besides the one already mentioned.

3. Based on that colloquy and the Court's stated concerns, ICE has conducted further inquiries. As noted in the attached Second Briseno Declaration, the ICE Security Operations Center (SOC) searched ICE's network for any other copy of the IRS data that was received in August 2025. That search canvassed Microsoft Teams, OneDrive, SharePoint, and Box.com. *See* Second Briseno Decl. ¶ 5. They located no such copy, leaving the aforementioned copy on the former lead architect's laptop as the only copy of that data on the ICE network. *See id.* ¶ 6. SOC also confirmed that "no individual has downloaded, reviewed, previewed, or accessed the IRS data throughout 2026[.]" *Id.* Specific to contractors, SOC's searches confirmed that contractors had

access to the IRS file in 2025. *See id.* ¶ 7. But system logs show that no contractor besides the lead architect has downloaded the IRS file since then, *see id.*, and, as noted already, there are no copies of the IRS file on ICE's network right now.

4. In light of the above information, Defendants respectfully request that the Court reconsider its order directing Defendants to provide names of contracting entities. Defendants understood the Court's order to arise from concerns that more than one copy of the IRS data exists and/or the IRS data had proliferated beyond ICE to contracting entities before the Court issued its injunction. *See* Hr'g Tr. 25:4-7 (Court expressing need for assurance that "it's not a leaky container); *see also id.* at 29:19-24 (requesting information if "unbeknownst to those us in this room, data was downloaded and, therefore, none of us were thinking about it—it was over in shop B"). But as ICE has now affirmed, it has not located any other copies of the IRS data on its network. ICE has also confirmed through a review of system logs that, even though contractors had access to the IRS data in 2025, they never downloaded it, including during the time before the Court issued its preliminary injunction.

5. Accordingly, the identity of the contracting entities is not relevant to assess "whether the initial injunction need[s] to be modified or addressed to address that there may be other copies that could be out there prior to this injunction having been entered." Hr'g Tr. 25:19-22. ICE has already confirmed deletion of a copy of the data from ICE Enterprise Box, *see* ECF No. 78-1 ¶¶ 6–7, and has found no additional copies of the IRS file on ICE's network, *see* Second Briseno Decl. ¶ 6. As for contractors, there is no "leaky container," Hr'g Tr. 25:5-6, given that no contractor (except for the lead architect) downloaded the IRS file, *see* Second Briseno Decl. ¶ 7. There is also no "shop B," as the Court referred to it. Hr'g Tr. 29:10. Not only has no other contractor even downloaded the data to begin with, but DHS policy requires all contractors,

"regardless of their primary employer, to use only government-furnished equipment or DHS-approved services to access DHS systems and information, including file storage systems." Second Briseno Decl. ¶ 8; *see also* DHS 4300A, Att. G, Rules of Behavior A-2, A-4 (Apr. 28, 2022); Hr'g Tr. 22:12-13 (asking whether contractor with access to IRS file was "working on this data on a government computer").

6. For these reasons, Defendants respectfully request reconsideration of the Court's order directing them to provide names of contractor employers. At most, only the name of the lead architect's employer is relevant to the Court's stated concerns about proliferation of the IRS data. Conversely, public association with ICE could invite security concerns. As Plaintiffs' now-denied motion for discovery catalogues, ICE contractors have been subjected to intense media scrutiny due to their work for ICE on immigration-related matters. *See, e.g.*, ECF No. 118-8 (article titled *All the Ways Palantir is Assisting Trump's Abusive Removal Campaign*). Filing the names of those contractors on the public docket will subject them to similar scrutiny and possible harassment.

Date: October 30, 2026

*Respectfully submitted,*

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-5980

Email: Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

I, Christian Dibblee, hereby certify that on the morning of October 30, 2026, I met and conferred in good faith with Plaintiffs' counsel about the subject matter of this motion in an effort to narrow or resolve the issues filing this motion.

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Christian Dibblee, hereby certify that on October 30, 2026, I emailed the foregoing to all counsel of record in this case, in keeping with Local Rules 5.2 and 5.4.

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE

*Counsel for Defendants*