**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MASSACHUSETTS**

COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS, NATIONAL PARENTS UNION, NATIONAL KOREAN AMERICAN SERVICE AND EDUCATION CONSORTIUM, & UNDOCUBLACK NETWORK,

Plaintiffs,

v.

SCOTT BESSENT, ACTING COMMISSIONER OF THE INTERNAL REVENUE SERVICE AND SECRETARY OF THE TREASURY; DEPARTMENT OF THE TREASURY; INTERNAL REVENUE SERVICE; FRANK BISIGNANO, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; SOCIAL SECURITY ADMINISTRATION; MARKWAYNE MULLIN, SECRETARY OF HOMELAND SECURITY; U.S. DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, ACTING DIRECTOR OF U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

Civil Action No. 1:25-cv-12822-IT

**PLAINTIFFS' MOTION FOR INDICATIVE RULING UNDER FEDERAL RULE 62.1**

## I. INTRODUCTION

During oral argument in the government's appeal of this Court's grant of preliminary relief, the First Circuit panel inquired about the impact on this Court's analysis of irreparable injury, should the First Circuit ultimately hold that standing and injury were grounded on a different basis from what this Court found for irreparable harm.[1] At the First Circuit panel's suggestion, Plaintiffs filed a letter pursuant to Federal Rule of Appellate Procedure 28(j) on this issue. See Recording at 47:28–49:14. Plaintiffs now respectfully request that this Court issue an indicative ruling under Rule 62.1(a)(3) stating that, should the First Circuit remand on the question, this Court would find that Plaintiffs are likely to establish irreparable harm even if their standing is solely grounded on associational standing of their members with final removal orders, because disclosure of those members' protected information constitutes irreparable injury.

## II. BACKGROUND

This Court's February 5, 2026 Order preliminarily vacated, stayed, and enjoined the ICE-IRS data-sharing arrangements. Doc. No. 75 ("Order"). The Court found that Plaintiffs established associational standing based on the likelihood of sharing members' protected information, the risk of arrest and detention due to administrative errors, and the risk of arrest or deportation based on final orders of removal that are pending judicial review or subject to deferred action. Id. at 23–24. The Court explained that Plaintiffs were likely to succeed in showing irreparable harm based on members' fear of filing tax returns and concurrent chill from filing, the deprivation of tax credits and complications with immigration statuses, and the erosion of trust between Plaintiffs and their members. Id. at 37–38.

---

[1] See First Circuit Oral Argument Recordings, Cmty. Econ. Dev [sic] Center of Southeastern MA v [sic] Bessent, Oct 7, 2026, https://www.ca1.uscourts.gov/sites/ca1/files/oralargs/26-1329_20261007.mp3 (last accessed Nov. 12, 2026) (hereinafter "Recording"), at 35:10-49:14.

During oral argument of the government's appeal, the government conceded that disclosure of the protected information of Plaintiffs' members who have final orders of removal could be a basis for standing. Chief Judge Barron then asked whether, if the First Circuit grounded standing on this different basis from the written findings in the Court's Order, the earlier injunction was grounded on a sufficient finding of irreparable harm, and whether the First Circuit needed to vacate the injunction if no such finding was present. The following colloquy took place between the Chief Judge and Plaintiffs' Counsel:

> **Honorable Chief Judge Barron**: . . . Even if the merits of the analysis are right for the harms [the District Court is] discussing, if we grounded the jurisdiction on a conclusion that standing was manifest in the record on a different basis of harms, what are we supposed to do, because we don't have the District Court assessing those harms, unless it's implicit in the analysis that she already gave that those harms were addressed?
>
> **Plaintiffs' Counsel Mr. Rosenthal**: So first of all, I do believe it's implicit because the greater includes the lesser, the greater being the full causal chain of harms that would flow from an improper disclosure of information implies the improper disclosure of information. And so, to the extent that there's a difference, perhaps it goes to weight, but as I was saying, because there's no legitimate use for the information, there's nothing on the other side of the scale, and so that would be sufficient. But . . . even putting that aside, and if this court determined that the District Court's decision was an abuse of discretion in how it interpreted the various harms at issue, the appropriate response to my mind would be to at least maintain the injunction until the court had an opportunity to pass on those issues, because there's at least, at the very least, there's evidence in the record that goes to them, and there's ambiguity about whether—
>
> **Honorable Chief Judge Barron:** Is there authority for a court doing that? And if there is, you could just provide another 28(j) letter.

See Recording at 47:28–49:14. Plaintiffs' 28(j) filing explained that the First Circuit may affirm this Court's Order on any grounds supported by the record, Comcast of Me./N.H., Inc. v. Mills, 988 F.3d 607, 612 (1st Cir. 2021) (citation omitted), and so need not determine whether the First Circuit's standing and irreparable harm findings mirror those made by this Court. Nonetheless, to eliminate doubt, Plaintiffs noted that they would also move for an indicative ruling from this

Court on Chief Judge Barron's question about irreparable harm. Doc. No. 163, Declaration of Kelly Hernandez ("Hernandez Decl."), Ex. 1.

Plaintiffs now request that this Court address the First Circuit's question and state that, should the question arise on remand, this Court would find that Plaintiffs are likely to establish irreparable harm from disclosure of the private taxpayer information of their members with final orders of removal.

## III. LEGAL STANDARD

Although a notice of appeal generally divests a district court of jurisdiction over all matters pertaining to the appeal, Rule 62.1 gives the district court discretion to address a request for an "indicative ruling" on an issue it otherwise lacks jurisdiction over, in order to inform the parties and appellate court how it would rule. See Optum, Inc. v. Smith, 353 F. Supp. 3d 127, 129–30 (D. Mass. 2019); D.V.D. v. U.S. Dep't of Homeland Sec., 2025 WL 2673195, at *1 (D. Mass. Aug. 28, 2025) (Rule 62.1 "permits this Court to signal, in the subjunctive, what it 'would' do with respect to a hypothetical motion"); see also Ctr. for Taxpayer Rights v. IRS, 190 F.4th 990, 1000 (D.C. Cir. 2026) (discussing use of this mechanism to obtain an indicative ruling to supplement the record on appeal with later-available evidence). Upon receiving a request for an indicative ruling, the district court may defer consideration, deny the motion, or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). "If the Court 'states that it would grant the motion . . . the court of appeals may remand for further proceedings but retains jurisdiction unless it expressly dismisses the appeal.'" D.V.D., 2025 WL 2673195, at *1 (quoting Fed. R. App. P. 12.1); Ark. Tchr. Ret. Sys. v. State St. Bank & Tr. Co., 527 F. Supp. 3d 40, 47 n.1 (D. Mass. 2021) (stating it would grant the motion "if the First Circuit remands this case for that limited purpose"). According to the 2009 Advisory Committee Note, Rule 62.1 "applies to 'any

motion that the district court cannot grant because of a pending appeal.' . . . [T]he court has the discretion, but not the obligation, to provide an indicative ruling when the Rule applies." Optum, 353 F. Supp. 3d at 129.

## IV. ARGUMENT

Incorporating the facts and evidentiary support cited in Plaintiffs' Motion for Preliminary Relief, Doc. Nos. 27–35, and their Reply Brief in support of their motion, Doc. No. 43, Plaintiffs request that this Court find that their members would be subject to irreparable harm in the absence of preliminary relief, based on injuries to their members with final orders of removal stemming from disclosure of their private taxpayer information. See Me. Forest Prods. Council v. Cormier, 51 F.4th 1, 5 (1st Cir. 2022) (standard for granting postponement of agency action and preliminary injunction).

"Irreparable injury in the preliminary injunction context means an injury that cannot adequately be compensated for either by a later-issued permanent injunction, after a full adjudication on the merits, or by a later-issued damages remedy." Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 76 (1st Cir. 2005). And "the disclosure of private, confidential information 'is [a] quintessential type of irreparable harm[.]'" Airbnb, Inc. v. City of New York, 373 F. Supp. 3d 467, 499 (S.D.N.Y. 2019); see also Corp. Techs., Inc. v. Harnett, 943 F. Supp. 2d 233, 242–43 (D. Mass.), aff'd, 731 F.3d 6 (1st Cir. 2013). "[O]nce this type of highly personal information is disclosed to the government, the revelation cannot be undone." Nat'l Treasury Emps. Union v. U.S. Dep't of Treasury, 838 F. Supp. 631, 640 (D.D.C. 1993).

This Court has already found standing based on injury to Plaintiffs' members from disclosure of their private information. Doc. No. 75 at 24 ("[G]iven the breadth of ICE's requests for taxpayer information, the likelihood that noncitizen members' information will be shared is high and the concomitant injury of that disclosure is 'particularized' to those



6449321

members." (citations omitted)). And the Court found that fear of and chill from filing taxes, impact on tax credits and immigration statuses, and erosion of trust between Plaintiff organizations and their members constituted irreparable injuries. Inherent in each of these findings is that members' private data was shared unlawfully.

Additionally, Plaintiffs' evidence established that they have members with final orders of removal who filed tax returns, Doc. No. 34 ¶¶ 19, 32; Doc. No. 31 ¶ 50, and that IRS shared with ICE confidential taxpayer information for immigrants with final orders of removal who filed tax returns, Doc. No. 28-1 at TD_100-02, 145. ICE has indicated its intention to further share the data, internally or otherwise, for use in immigration enforcement. See, e.g., MOU §1(b)-(c). This disclosure of information is a "quintessential" irreparable injury because, once shared, it cannot be undone. Should ICE disclose Plaintiffs' members' information further, not only is the privacy of their data lost, but the disclosure also cannot be fully remedied via post-hoc money damages if the information is already released. Given the practicalities of protecting these members' interests, as addressed in this Court's Order, the preliminary injunction remains necessary. Only injunctive relief barring such disclosure would prevent further irreparable harm.

Accordingly, this Court should find that Plaintiffs established irreparable harm based on the injuries to members with final orders of removal caused by disclosure of their private information. Such a finding would help maintain the injunction in the event of remand. Plaintiffs respectfully request that this Court issue a statement pursuant to Rule 62.1 that it would make that finding if the First Circuit were to remand the question.

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: November 13, 2026

By: /s/ *Kelly M. Hernandez*

Leo L. Lam (*Admitted Pro Hac Vice*)
llam@keker.com
Laurie Carr Mims (*Admitted Pro Hac Vice*)
lmims@keker.com
Sarah Salomon (*Admitted Pro Hac Vice*)
ssalomon@keker.com
Charlotte Kamai (*Admitted Pro Hac Vice*)
ckamai@keker.com
Kelly M. Hernandez (*Admitted Pro Hac Vice*)
khernandez@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

ASIAN LAW CAUCUS
Joshua Rosenthal (*Admitted Pro Hac Vice*)
joshr@asianlawcaucus.org
Dorothy Chang (*Admitted Pro Hac Vice*)
dorothyc@asianlawcaucus.org
55 Columbus Avenue
San Francisco, CA 94111
Telephone: (415) 896-1701
Facsimile: (415) 896-1702

GREATER BOSTON LEGAL SERVICES
Luz Arevalo BBO 564011
larevalo@gbls.org
Angela Divaris (*Admitted Pro Hac Vice*)
adivaris@gbls.org
Gary Klein BBO 560769
gklein@gbls.org
197 Friend Street
Boston, MA 02114
Telephone: (617) 461-4944

*Attorneys for Plaintiffs*

**LOCAL RULE 7.1(a)(2) CERTIFICATION**

Pursuant to Local Rule 7.1(a)(2), I certify that on November 13, 2026, counsel for Plaintiffs Community Economic Development Center of Southeastern Massachusetts and counsel for Defendants Internal Revenue Service, and Social Security Administration met and conferred in good faith regarding the resolution of this motion. Defendants oppose this request as improper under the Federal Rules. Defendants intend to file an opposition to the motion within the time allotted under the Local Rules.

*/s/ Kelly M. Hernandez*
Kelly M. Hernandez

**CERTIFICATE OF SERVICE**

I certify that this document is being filed through the Court's electronic filing system, which serves counsel for other parties who are registered participants as identified on the Notice of Electronic Filing (NEF). Any counsel for other parties who are not registered participants are being served by first class mail.

Dated: November 13, 2026

*/s/ Kelly M. Hernandez*
Kelly M. Hernandez