**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

COMMUNITY ECONOMIC DEVELOPMENT CENTER OF SOUTHEASTERN MASSACHUSETTS *et al.*,

*Plaintiffs*,

*v.*

SCOTT BESSENT, in his official capacity as Acting Commissioner of the Internal Revenue Service, *et al.*,

*Defendants*.

No. 1:25-cv-12822-IT

**LEAVE TO FILE GRANTED ON NOVEMBER 20, 2026**

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR RECONSIDERATION OF ORDER RELATED TO CONTRACTORS**

Defendants file this reply in support of their pending Motion for Reconsideration, *see* ECF No. 159 (Mot.), and in response to Plaintiffs' opposition to that Motion, *see* ECF No. 160 (Opp'n). Defendants need only make a few short points.

1. Plaintiffs assert multiple times that Defendants "promised" to provide the names of contracting entities in response to the Court's stated concerns. Opp'n at 3; *see also id.* at 4, 7. That is not the entire story, as this Court well knows. The Court expressly said to undersigned counsel "if you find it a problem to give me the names of the company, you can see[k] reconsideration." Tr. of Proceedings at 18:19-20, ECF No. 153. Defendants are doing just that, as the Court permitted. Plaintiffs cannot fault Defendants for filing a motion that the Court expressly allowed them to file.

2. Defendants' declaration responds to the Court's stated concerns and obviates any need for providing the names of contracting entities. *See generally* Mot. If the Court disagrees and is

inclined to deny the motion for reconsideration, the proper process would be for Defendants to provide those names, as previously ordered. Plaintiffs suggest that, in the alternative, the Court grant so-called "targeted discovery about the transmission of tax information." Opp'n 8. That request is inappropriate. Defendants provided the declaration in response to the Court's concerns as stated on the record at the last hearing and to support reconsideration of a specific order regarding the names of contracting entities. That motion was not based on Plaintiffs' concerns as raised in their recent motion for discovery. *See* ECF No. 135. The Court expressly denied that motion yet sought "additional information to ensure whether the initial injunction needed to be modified or addressed." Tr. of Proceedings at 25:17-20.

Plaintiffs cannot use their opposition to move for the same remedy that this Court has already denied—indeed, their opposition is not styled as a motion at all. If Plaintiffs believe they have grounds to seek discovery again, they would need to file a new motion compliant with Local Rule 7.1. And to the extent the Court has questions about Defendants' motion or its supporting declaration, Defendants will provide answers as requested by the Court.

3. Although true that Defendants initially agreed to meet and confer,[1] Plaintiffs' counsel sent numerous questions before that meeting seeking detailed information about how the declaration was compiled and asking other questions outside the declaration. Those questions essentially seek discovery, the same relief that this Court has already denied. Defendants did not believe it fruitful again to discuss discovery to which Plaintiffs are not entitled, particularly since Defendants' declaration responds to the *Court's* concerns, not Plaintiffs' concerns. Accordingly,

[1] On this point, Plaintiffs' opposition contains a Local Rule 7.1(a)(2) certification, even though Plaintiffs have not filed a "motion." *See* Local Rule 7.1(a)(2). To be clear, Defendants oppose the relief requested in that opposition, whether it be denial of the motion for reconsideration or the request for discovery.

Defendants cancelled what would have been a fruitless meet-and-confer process that, again, was not required in the first place.

For the reasons in Defendants' Motion and as further described above, Defendants request that the Court grant Defendants' Motion for Reconsideration.

Date: November 20, 2026

*Respectfully submitted,*

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-5980
Email: Christian.r.dibblee@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I, Christian Dibblee, hereby certify that on November 20, 2026, I filed the foregoing through the Court's electronic filing system, which serves counsel for other parties who are registered participants as advised on the Notice of Electronic Filing, in keeping with Local Rules 5.2 and 5.4.

*/s/ Christian Dibblee*
CHRISTIAN DIBBLEE

*Counsel for Defendants*